# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-1019
_____

United States of America

*Plaintiff - Appellee*

v.

Shameris Lashawn Jefferson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 23, 2016
Filed: November 4, 2016
[Unpublished]

_____

Before WOLLMAN, BRIGHT, and KELLY, Circuit Judges.

_____

PER CURIAM.

Shameris Jefferson pleaded guilty to one count of conspiracy to possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a mixture or substance containing a detectable amount of methamphetamine, and marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and was sentenced to 48

months' imprisonment and 3 years' supervised release. He appeals from the district court's[1] denial of his motion to suppress evidence. We affirm.

A clerk working at a St. Charles, Missouri, hotel reported to law enforcement officers that a guest had been acting suspiciously, had registered to stay for only one night, and had paid in cash. After identifying the suspicious person as Jefferson, officers began surveillance on him.

Jefferson left the hotel, taking a taxi to a home-improvement store in Bridgeton, Missouri. After he left the store, he entered the passenger's side of a red pickup truck that was occupied by his codefendant, Richard Williams. Williams drove to a location in St. Louis, where the two men entered a residence and stayed for approximately one hour before returning to the St. Charles hotel in Williams's truck. Jefferson exited the truck, entered the hotel, and returned to the parking lot shortly thereafter. Jefferson entered the driver's seat of a grey car and followed Williams's red truck as they drove away from the hotel. With officers pursuing in unmarked vehicles, Jefferson and Williams began driving erratically, eventually parting ways.

Jefferson pulled into a parking lot of a high school, circling the lot three times before parking in an empty space. St. Louis County Detective Joseph Brandt parked near Jefferson and exited his vehicle as Jefferson rolled down his window. Detective Brandt smelled raw marijuana, waited for another officer to arrive, and then ordered Jefferson out of the car. Detective Brandt then deployed his drug dog, which alerted to the presence of controlled substances. Officers searched Jefferson's car and seized

---

[1]The Honorable Rodney W. Sippel, Chief Judge, United States District Court for the Eastern District of Missouri, adopting the Report and Recommendation of the Honorable Thomas C. Mummert, III, then Chief United States Magistrate Judge for the Eastern District of Missouri, now retired.

cocaine, marijuana, $6,500 cash, a cell phone, and some documents. Following the district court's denial of the motion to suppress, Jefferson pleaded guilty, reserving his right to appeal from the denial of the motion to suppress.

"We review the district court's factual findings for clear error, but we review de novo its determination that the Fourth Amendment was not violated." United States v. Pile, 820 F.3d 314, 316 (8th Cir. 2016) (per curiam) (citing United States v. Pratt, 355 F.3d 1119, 1121 (8th Cir. 2004)). "The Fourth Amendment 'is not triggered by a consensual encounter between an officer and a private citizen.'" United States v. Aquino, 674 F.3d 918, 923 (8th Cir. 2012) (quoting United States v. Villa-Gonzalez, 623 F.3d 526, 531 (8th Cir. 2010)). The following non-exclusive factors may render an encounter between an officer and a private citizen non-consensual:

> [o]fficers positioning themselves in a way to limit the person's freedom of movement, the presence of several officers, the display of weapons by officers, physical touching, the use of language or intonation indicating compliance is necessary, the officer's retention of the person's property, or an officer's indication the person is the focus of a particular investigation.

Id. (quoting United States v. Griffith, 533 F.3d 979, 983 (8th Cir. 2008)).

The initial encounter between Detective Brandt and Jefferson did not implicate the Fourth Amendment. The record supports the district court's finding that when parking next to Jefferson, Detective Brandt did not position his vehicle in such a way as to limit Jefferson's freedom of movement and that Jefferson then rolled down his window without being ordered to do so, voluntarily releasing the scent of raw marijuana. There were only one or two officers near Jefferson at the time, Detective Brandt was not displaying his weapon, and there is no evidence that he touched or spoke to Jefferson. The initial interaction between Brandt and Jefferson did not

implicate the Fourth Amendment, because the encounter was consensual in nature. Upon smelling marijuana, Detective Brandt had reasonable suspicion to investigate further, see United States v. Scott, 818 F.3d 424, 428 (8th Cir. 2016), and after the drug dog alerted to the presence of controlled substances, the officers had probable cause to search Jefferson's car, see United States v. Gonzalez, 781 F.3d 422, 429 (8th Cir. 2015). In light of this holding, we need not reach the district court's alternative conclusion that probable cause supported a traffic stop.

The judgment is affirmed.

_____